UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
TONY OCASIO, JR.,

                      Plaintiff,

      -against-

NANCY BERRYHILL,
Acting Commissioner of Social Security,

                     Defendant.

------------------------------------- x



MEMORANDUM DECISION
AND ORDER

18 Civ. 959 (GBD) (KNF)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Tony Ocasio, Jr. brings this action against the Acting Commissioner of Social Security, Nancy A. Berryhill, seeking disability insurance benefits pursuant to Title II of the Social Security Act ("SSA"). 42 U.S.C. §§ 401–434, and Supplemental Security Income benefits pursuant to Title XVI of the SSA, 42 U.S.C. §§ 1381–1385. Plaintiff opposes the Social Security Administration and reviewing Administrative Law Judge's ("ALJ") determinations that he is ineligible for benefits.[1] (*See* Compl., ECF No. 2, ¶¶ 6–7.) Defendant now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Def.'s Mot. for Judgment on the Pleadings, ("Def.'s Mot."), ECF No. 15.) Before this Court is Magistrate Judge Kevin Nathaniel Fox's March 1, 2019 Report and Recommendation ("Report," ECF No. 17), recommending that Defendant's motion be granted. (*Id.* at 17.) This Court ADOPTS Magistrate Judge Fox's Report in full.

---

[1] A more complete procedural and factual background is set forth in greater detail in the Report and is incorporated by reference herein.

# I. LEGAL STANDARDS

## A. Report and Recommendations.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). If any party properly objects, a court must review a magistrate judge's report *de novo*. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error exists only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

Because the parties have not filed written objections in this case, this Court reviews the Report for clear error.

## B. Rule 12(c) Judgment on the Pleadings.

A party may move for judgment on the pleadings when it is clear from the pleadings that "the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Serv., Inc. v. Int'l Union, United Plant Guard Workers*, 47 F.3d 14, 16 (2d Cir. 1995); *see also* Fed. R. Civ. P. 12(c). The standard for addressing a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as the standard used in evaluating a Rule 12(b)(6) motion. *See, e.g., L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011); *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). Accordingly, to survive a Rule 12(c) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## C. Review of the Commissioner's Decision.

In reviewing a denial of social security benefits, a district court must determine whether the decision is "supported by substantial evidence[.]" *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (citing *Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir.1997)). Remand to the ALJ is appropriate "[w]hen there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Atkinson v. Barnhart*, 87 F. App'x 766, 768 (2d Cir. 2004) (quoting *Pratts v. Chatter*, 94 F.3d 34, 39 (2d Cir. 1996)).

## II. MAGISTRATE JUDGE FOX'S REPORT

### A. The Administrative Law Judge Correctly Determined That Plaintiff Was Capable Of Performing Some Work.

After the Social Security Administration denied Plaintiff's application for disability insurance benefits, Plaintiff requested a hearing before an ALJ. (Compl. ¶ 6–7.) The ALJ found that, although Plaintiff suffered from severe impairments, these impairments were not so severe that they rendered Plaintiff completely incapable of working because Plaintiff had the capacity to perform *some* functions. (Report at 7.) Moreover, to ensure that Plaintiff's medical conditions were not frustrated, the ALJ stated that Plaintiff "must be allowed to be off task ten percent of the work day[.]" (*Id.* at 7, 9.)

Magistrate Judge Fox correctly determined that the ALJ's findings were supported by substantial evidence because Plaintiff's contention that he is unable to work is inconsistent with his medical records and own accounts of his physical and mental capacity. (*Id.* at 15.) Plaintiff underwent physical therapy and "reported that he had good pain relief[.]" (*Id.* at 16.) Additionally, an internal medical consultative examiner, Dr. Joshi, concluded that Plaintiff "was capable of less than light work[,]" and Plaintiff's own accounts of his daily activities and interactions with others indicated that he is "able to perform some physical activities[.]" (*Id.*)

3

Accordingly, because the record clearly demonstrates that Plaintiff has the capacity to work with the limitations set forth by the ALJ, this Court ADOPTS the recommendations in Magistrate Judge Fox's Report.

### III. <u>CONCLUSION</u>

Magistrate Judge Fox's Report is ADOPTED in full. Defendant's motion for judgment on the pleadings, (ECF No. 15), is GRANTED. The Clerk of Court is directed to close the motion, accordingly.

Dated: March 18, 2019
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge